IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:03CR3100 |
| | ) | |
| v. | ) | |
| | ) | |
| TIMOTHY S. DEGARMO, | ) | MEMORANDUM AND ORDER ON |
| | ) | DEFENDANT'S OBJECTIONS TO |
| Defendant. | ) | PRESENTENCE INVESTIGATION |
| | ) | REPORT |

The defendant, Timothy S. DeGarmo, has made five separate objections to the Presentence Investigation Report (PSIR). (See filing 135.) First, he has objected to paragraphs 20-30, 32, and 37 of the PSIR on the ground that the weight of the methamphetamine attributable to his conspiracy has not been determined by a jury or determined beyond a reasonable doubt. (See id. at 1.) Second, he has objected to paragraphs 20, 23-24, 26, 28, and 45 on the ground that his possession of a firearm has not been determined by a jury beyond a reasonable doubt. (See id. at 1-2.) Third, he objects to paragraphs 67-70 and 72 on the ground that a jury must determine the existence and probative weight of his criminal history. (See id. at 2.) Fourth, he has objected to paragraphs 67 and 69 on the ground that these paragraphs incorrectly assess two criminal history points against him. (See id. at 2-4.) Finally, he has objected to paragraph 67 on the ground that this paragraph concerns a conviction that cannot be counted against him because it is "outside of the ten year window permitted by the Guidelines." (See id. at 4.) This memorandum will address only the first three objections raised by the defendant.

I. **WHETHER THE WEIGHT OF THE CONTROLLED SUBSTANCES INVOLVED IN THE CONSPIRACY MUST BE DETERMINED BY A JURY BEYOND A REASONABLE DOUBT**

Paragraphs 20-30 of the PSIR summarize statements obtained by the government from various individuals concerning the quantity of methamphetamine that the defendant possessed, and paragraph 32 states that it is the government's position that the defendant was responsible for more than 15 kilograms of methamphetamine during the period of the conspiracy. The probation

officer's assessment that the defendant is responsible for 21.5 pounds, or 9.75 kilograms, of methamphetamine, is set forth in paragraph 37. The defendant objects to these paragraphs, arguing that the weight of the methamphetamine must be determined by a jury beyond a reasonable doubt.

In support of this argument, the defendant relies upon Booker v. United States, 125 S. Ct. 738 (2005), which states in the opinion authored by Justice Stevens (referred to hereafter as the "substantive" or "Sixth Amendment" opinion) that "the Sixth Amendment is violated by the imposition of an enhanced sentence under the United States Sentencing Guidelines based on the sentencing judge's determination of a fact (other than a prior conviction) that was not found by the jury or admitted by the defendant." Booker, 125 S. Ct. at 756. However, the Booker opinion authored by Justice Breyer (referred to hereafter as the "remedial" opinion) makes clear that this Sixth Amendment violation would be remedied if the Guidelines were rendered "effectively advisory." Id. at 757.[1] The Court did exactly that, severing and excising those portions of the Federal Sentencing Act "that require[d] sentencing courts to impose a sentence within the applicable Guidelines range (in the absence of circumstances that justify a departure), and . . . set[] forth standards of review on appeal, including de novo review of departures from the applicable Guidelines range." Id. at 764 (citations omitted). The Court elected not to graft a "jury factfinding" requirement onto the Guidelines, see id. at 759-63, and therefore Booker does not stand for the proposition that the defendant is entitled to have the weight of the

---

[1]This point is made clearly in the "substantive" opinion as well:

> If the Guidelines as currently written could be read as merely advisory provisions that recommended, rather than required, the selection of particular sentences in response to differing sets of facts, their use would not implicate the Sixth Amendment. We have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range. Indeed, everyone agrees that the constitutional issues presented by these cases would have been avoided entirely if Congress had omitted from the SRA the provisions that make the Guidelines binding on district judges . . . . For when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant.

Booker, 125 S. Ct. at 750 (citations omitted).

methamphetamine attributable to him determined by a jury beyond a reasonable doubt.  See Booker, 125 S. Ct. at 756-69; United States v. Haack, 403 F.3d 997, 1002-03 (8th Cir. 2005) (quoting United States v. Crosby, 397 F.3d 103, 112-13 (2d Cir. 2005)).

The defendant argues that since he committed his crimes prior to January 12, 2005,[2] the "remedial" Booker opinion cannot be applied retroactively to him; at the same time, he claims that the "Sixth Amendment" Booker opinion does apply to him because of its "beneficial aspects."  (See filing 136 at 2-4.)  This argument is without merit, as the Supreme Court has stated explicitly that both the substantive and remedial opinions are to be applied in all cases that are not yet final.  Booker, 125 S. Ct. at 769.  Therefore, the defendant's objections to paragraphs 20-30, 32, and 37 of the PSIR must be overruled.[3]

### II.   WHETHER THE PRESENCE OF A FIREARM MUST BE DETERMINED BY A JURY BEYOND A REASONABLE DOUBT

Paragraphs 20, 23, 24, 26, and 28 of the PSIR contain references to weapons that various witnesses observed in the defendant's possession, and paragraph 45 recites the probation officer's conclusion that the defendant's offense level must be increased by two levels due to his possession of "several weapons."  The defendant objects to these paragraphs, arguing that the "firearm" enhancement presents "the identical issue" that is raised by the drug quantity enhancement.  (See filing 136 at 4-5.)  For the reasons set forth above, the defendant's objections to paragraphs 20, 23, 24, 26, 28, and 45 of the PSIR must be overruled.

---

[2] The Supreme Court decided Booker on this date.

[3] The defendant also argues that the government should be barred from seeking a "drug quantity" enhancement because, after "the enhanced quantity allegation was dropped from the second superceding indictment," the defendant had no reasonable notice that his sentence might be enhanced based upon the drug quantity.  (Filing 136 at 4.)  This argument too is without merit. I have already explained that "sentencing factors" need not be included in the indictment, though they remain relevant for sentencing purposes.  (See Mem. and Order on Def.'s Mot. to Strike, filing 103.)  Furthermore, I remind the defendant that the drug quantity allegation was "dropped" from the second superseding indictment on the defendant's own motion.

### III. WHETHER THE EXISTENCE AND PROBATIVE WEIGHT OF THE DEFENDANT'S CRIMINAL HISTORY MUST BE DETERMINED BY A JURY BEYOND A REASONABLE DOUBT

Paragraphs 67-70 and 72 of the PSIR list some of the defendant's past criminal convictions and their corresponding "criminal history points." The defendant objects to these paragraphs, arguing that "assessment of his prior criminal history score cannot simply be delegated to a judge and must be proven [to a jury] beyond a reasonable doubt." (Filing 136 at 8.) However, at the defendant acknowledges, his argument runs counter to Supreme Court and Eighth Circuit precedent. (See filing 136 at 5, 7 (citing Booker, 125 S. Ct. 738; United States v. Peltier, 276 F.3d 1003 (8th Cir. 2002).) The defendant claims that, although the Sixth Amendment rule set forth in Apprendi v New Jersey, 530 U.S. 466, 490 (2000), and "reaffirmed" in Booker, 125 S. Ct. at 756, does not apply to prior convictions that are used to enhance sentences, this exception ought to be eliminated. However, as district courts are not free to simply disregard binding precedent, and since there is nothing in Booker or any other binding precedent cited by the defendant that would support the defendant's claim that his criminal history must be determined by a jury beyond a reasonable doubt, the defendant's objection must be overruled.

IT IS ORDERED that objections of the defendant to the Presentence Investigation Report numbered I, II, and III, are denied.

Dated August 10, 2005.

                        BY THE COURT

                        s/ Warren K. Urbom
                        United States Senior District Judge