IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:03CR3100 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OF DECISION ON |
| v. | ) | DEFENDANT'S MOTION TO VACATE, |
| | ) | SET ASIDE OR CORRECT SENTENCE |
| TIMOTHY S. DEGARMO, | ) | PURSUANT TO 28 U.S.C. § 2255 |
| | ) | |
| Defendant. | ) | |
| | ) | |

On May 22, 2007, the defendant, Timothy DeGarmo, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (See filing 175.) In a memorandum and order dated September 24, 2007, I found that the defendant was entitled to an evidentiary hearing on his claims that he was the subject of prosecutorial vindictiveness and that his trial counsel's failure to raise the issue of prosecutorial vindictiveness amounted to constitutionally ineffective assistance. (See filing 182 at 18-22, 31.) I also granted the defendant's request for an appointment of counsel. (See id. at 31-32.) On December 24, 2007, the defendant, through counsel, filed a new § 2255 motion and a request for a hearing on the aforementioned claims. (See filing 186.) A hearing on these claims was held on March 11, 2008, (see filing 195), and the defendants' motions are now ripe for decision.

A defendant raising a claim of prosecutorial vindictiveness has a heavy burden: He must show that the prosecution was brought in order to punish him for the exercise of a legal right. United States v. Campbell, 410 F.3d 456, 461 (8th Cir. 2005). A defendant can make this showing in one of two ways. First, he might come forward with "objective evidence that the prosecutor's decision to seek a more severe sentence was intended to punish the defendant for the exercise of a legal right." Id. (citing United States v. Rogers, 18 F.3d 1425, 1429 (8th Cir. 1994)). "Alternatively, the defendant is entitled to a presumption of vindictiveness where there exists a reasonable likelihood of vindictiveness, which may arise when prosecutors increase the number or severity of charges." Id. (citing Rogers, 18 F.3d at 1429).

1

In this case, the defendant's claim of prosecutorial vindictiveness is based primarily on an email dated July 28, 2004, from the prosecutor to the defendant's trial attorney. (See Pl.'s Ex. 2.) This email states,

> Mike: I am forwarding my message to you of July 20th cause I dont think you answered it and that is what I wanted to talk with you about. I really dont give a shit re trying to settle this case and in fact I think I now want to convict him of everything I can so he gets the most time he can get as he has been f–ing me around big time and that, and as you also know, that is about the only thing that could ever make this personal. What I need to know from you, plain and simple and I know you well enuff to know you will give me a straight answer cause this would be your call and not Degarmos: When I file the superceding the middle of August will you take the full 30 days to review it etc cause that could very well impact the 13th and all the prep and witnesses etc. That is all I am asking so I can subpoena asap and not screw up all the witnesses by not having the trial then,, you know the drill with BOP witnesses. i.e., Will the trial begin the 13th?

(Id.) As I noted in my memorandum of September 24, 2007, this email appears to be objective evidence that the prosecutor harbored vindictive feelings toward the defendant. (See filing 182 at 20.) In addition, it can be read to suggest that the prosecutor was contemplating–or threatening–action based upon those vindictive feelings. Lacking, however, is evidence that the prosecutor actually took any vindictive action against the defendant. In other words, there has been no showing that the prosecutor increased the number or severity of the charges or decided to seek a more severe sentence against the defendant in order to punish the defendant for exercising his right to proceed to trial.

At the hearing of March 11, 2008, the defendant attempted to show that the prosecutor's vindictiveness manifested itself in two ways. First, the defendant argued that a second superceding indictment was filed on August 18, 2004, in order to punish the defendant for choosing to proceed to trial. However, as I noted in my memorandum of September 24, 2007, the second superceding indictment did not increase the number or severity of the charges that were pending against the defendant. (See filing 182 at 20 & n.8.) Second, the defendant argued that the prosecutor gathered more evidence after July 28, 2004, as part of a vindictive effort to obtain a more severe sentence against the defendant. Specifically, the defendant asserted that the cooperating witnesses' testimony at trial was more damaging than their proffer statements indicated, and that this "embellished" testimony was attributable to the prosecutor's bias against

the defendant. The only evidence offered in support of this argument, however, is the defendant's testimony that prior to the prosecutor's email of July 28, 2004, the defendant did not know about four of the cooperating witnesses who would ultimately be called to testify against him at trial. The government's evidence showed, however, that all but one of the cooperating witnesses had been initially interviewed prior to the prosecutor's email of July 28, 2004. In addition, there was testimony that proffer statements taken from cooperating witnesses are often relatively general in nature, and that more detailed information–focusing specifically on the witnesses' knowledge about the particular defendant facing trial–is routinely obtained from cooperating witnesses as the trial approaches. In sum, despite the strong language appearing in the prosecutor's email of July 28, 2004, I am left unpersuaded that the prosecutor increased the number or severity of the charges or sought a more severe sentence against the defendant in order to punish the defendant for exercising his right to proceed to trial.

I note too that the defendant's trial attorney testified that he had known the prosecutor for quite some time, and that the prosecutor often wrote emails that incorporated language reflecting his mood–whether it be "cheerful" and "intimate" or "upset" and "petulant." Counsel added that he paid little heed to the emotional tone of the prosecutor's emails and continued to communicate with him to negotiate the case and prepare the case for trial. I find that counsel's decision not to discuss the inflammatory language appearing in the email of July 28, 2004, with the prosecutor, the prosecutor's office, or the court did not amount to deficient performance. Nor did it prejudice the defendant's case.

**IT IS ORDERED** that the defendant's motions to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, filings 175 and 186, are denied.

Dated March 17, 2008.

                                            BY THE COURT

                                            s/ Warren K. Urbom
                                            United States Senior District Judge